**APPALACHIAN POWER COMPANY, et al., Petitioners,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

Commonwealth of Pennsylvania, Department of Environmental Protection, et al., Intervenors.

Nos. 99–1268, 99–1270, 99–1274, 99–1276, 99–1277, 99–1279 to 99–1281, 99–1286, 99–1287, 00–1169, 00–1187, 00–1189 to 00–1192 and 00–1194.

United States Court of Appeals, District of Columbia Circuit.

March 7, 2003.

Before: EDWARDS and SENTELLE, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

PER CURIAM.

### ORDER

Upon consideration of the motion for attorneys' fees, the response thereto, and the reply, it is

ORDERED that the motion be denied. A remand occasioned by an agency's failure to respond to comments is a purely procedural victory for the petitioner and is therefore insufficient to support an award of attorneys' fees under 42 U.S.C. § 7607(f). *See Sierra Club v. EPA,* 769 F.2d 796, 806 (D.C.Cir.1985). In the most similar case in which this court did award attorneys' fees, *Michigan v. EPA,* 254 F.3d 1087, 1091 (D.C.Cir.2001) (vacating EPA rule for want of notice and comment before promulgation), the Agency had to reopen the record or receive new comments on remand, thus creating a greater probability that it would alter the rule.